**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY**

**United States District Court**   **Western District of Oklahoma**

Name (under which you were convicted):   Docket or Case No.:

Jeffrey Lemon, Jr.   CR 15-185-R; No. 16-6123 (10th Cir.)

Place of Confinement:   Prisoner No.:

Petitioner has discharged his prison   29581-064
sentence and is now on supervised release

UNITED STATES OF AMERICA   v.   JEFFREY LEMON, JR.

**MOTION**

1.   (a) Name and location of court that entered the judgment of conviction you are

challenging: United States District Court for the Western District of Oklahoma,

Oklahoma City, OK.

   (b) Criminal docket or case number (if you know): CR 15-185-R; No. 16-6123

(10th Circuit)

2.   (a) Date of the judgment of conviction (if you know): December 3, 2015 (jury

verdict).

   (b) Date of sentencing: June 29, 2016.

3.  Length of sentence: 12 months incarceration on counts 1-6 and 8-18, all running

concurrently, and two years supervised release per count, all running concurrently;

$1,700.00 special assessment; $11,803.65 in restitution.

4.  Nature of crime (all counts): Counts 1-18, theft of mail by a postal employee in violation of 18 U.S.C. § 1709 and 18 U.S.C. § 2.  (Count 7 was dismissed during trial.)

5.      (a)  What was your plea? (Check one)

(1)  Not guilty X      (2). Guilty ___      (3) Nolo contendere (no contest) ___

(b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?      N/A

6.  If you went to trial, what kind of trial did you have?  (Check one)

Jury X      Judge only ___

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?

Yes___      No X

8.  Did you appeal from the judgment of conviction?

Yes X      No___

9.  If you did appeal, answer the following:

(a) Name of court: United States Court of Appeals for the Tenth Circuit

(b) Docket or case number (if you know): No. 16-6123

( c) Result: The convictions and sentences on all counts were affirmed.

(d) Date of result (if you know): October 31, 2017.

(f)  Grounds raised: 1)  Mr. Lemon was denied his Sixth Amendment right to counsel of his choice; 2)  Admission of Mr. Lemon's statement to postal investigators

violated the Fifth Amendment, because he was not given the *Miranda* warnings even though he was in the functional equivalent of custody, and his statement was otherwise involuntary; 3)  Admission of irrelevant and prejudicial evidence of defendant's gambling activities denied Mr. Lemon a fair trial and violated due process; 4) Mr. Lemon was denied his Sixth Amendment right to present a defense, when the repudiations of his confession were not admitted.  In addition, an instruction given by the trial court telling the jury law enforcement did not need to engage in any particular investigative method or methods adversely affected his right to argue part of his defense, which was that the investigation by postal inspectors was unreliable because routine investigative steps had not been undertaken.

(g) Did you file a petition for certiorari in the United States Supreme Court?

Yes ___        No X

If "Yes," answer the following:

(1) Docket or case number (if you know):  N/A

(2) Result: N/A

(3) Date of result (if you know): N/A

(4) Citation to the case (if you know): N/A

(5) Grounds raised: N/A

10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes____        No X

11.  If your answer to question 10 was "Yes," give the following information:

    (a)    (1)  Name of court: N/A

           (2)  Docket or case number (if you know): N/A

           (3) Date of filing (if you know): N/A

           (4) Nature of the proceeding: N/A

           (5) Grounds raised: N/A

           (6) Did you receive a hearing where evidence was given on your motion, petition, or application?

           Yes____        No____        N/A

           (7) Result: N/A

           (8) Date of result (if you know): N/A

    (b) If you filed any second motion, petition, or application, give the same information:

           (1) Name of court: N/A

           (2) Docket or case number (if you know): N/A

           (3) Date of filing (if you know): N/A

           (4) Nature of proceeding: N/A

           (5) Grounds raised: N/A

           (6) Did you receive a hearing where evidence was given on your motion,

4

petition, or application?

Yes___        No___        N/A

(7) Result: N/A

(8) Date of result (if you know): N/A

( c )  Did you appeal to a federal appellate court having jurisdiction over the action

taken on your motion, petition, or application?   N/A

(1) First petition: ___ Yes ___ No        N/A

(2) Second petition: ___ Yes ___ No     N/A

(d) If you did not appeal from the action on any motion, petition, or application,

explain briefly why you did not: N/A

12.  For this motion, state every ground on which you claim that you are being held in

violation of the Constitution, laws, or treaties of the United States.  Attach additional

pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

**GROUND ONE: MR. LEMON WAS DENIED HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN COUNSEL FAILED TO PRODUCE, THROUGH CROSS-EXAMINATION OR DEFENSE WITNESSES AND EXHIBITS, EVIDENCE WHICH WOULD HAVE CAST SUBSTANTIAL DOUBT ON THE GOVERNMENT'S CASE.**

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that

support your claim.):

Although the court denied the motion to substitute counsel filed on the eve of trial,

and the Tenth Circuit held that no Sixth Amendment error occurred by making Mr.

5

Lemon proceed to trial with his court-appointed lawyers, counsel indicated there had been a total breakdown in cooperation and communication between Petitioner and his lawyers. Defense counsel told the court that although they were prepared to cross-examine the government's witnesses, they were not prepared with respect to the defense case. As a result of that, defense counsel failed to develop evidence, either on cross examination or through independent witnesses, that would have cast substantial doubt on the government's case.

Aside from Mr. Lemon's unrecorded "confession" and a written statement to Postal Inspectors which they "assisted" Petitioner to write, and which Petitioner repudiated the next day and thereafter (evidence which the jury did not hear), the case was weakly circumstantial. The missing and converted money orders went through "clerk number 4," Mr. Lemon's assigned number, but no physical evidence or testimonial evidence tied Mr. Lemon to the thefts. No video evidence tied Mr. Lemon to the thefts, although it is believed Postal Inspectors, before confronting Mr. Lemon, had reviewed video tape in an effort to see if it revealed any incriminating conduct on his part. Randy Harrison, the post office station manager, could have testified that postal inspectors did review video evidence and found no evidence of untoward actions by Mr. Lemon.

None of the victims of the thefts could identify Mr. Lemon as the culprit. These witnesses did not present any testimony that Mr. Lemon was the person who stole and converted their money orders. None of the postal employees who testified could connect

Mr. Lemon to the thefts.

The government's case posited that Mr. Lemon had a motive to steal or convert postal customers' money orders because he was in debt due to gambling at the Remington Park Casino.   This evidence was admitted over objection, and the Tenth Circuit ruled that no error occurred when the evidence was admitted.   At trial, it was shown that this gambling evidence was at best inconclusive as to motive, since it could not be established that any "losses" came from Petitioner's own funds rather than his winnings.

Postal inspector Rey Santiago was asked on cross-examination whether he had examined Mr. Lemon's bank account records to determine if he was in financial distress or that his income was suffering due to gambling activities, and whether any money lost would have to have come from illegitimate sources.   Had the defense acquired Mr. Lemon's bank account information and introduced his bank statements as exhibits, it could have been demonstrated that he worked long hours, had a healthy income, that he was not in financial difficulty, and that any gambling "losses" could be fully accounted for by his legitimate income and not from stolen funds.   The defense also failed to develop evidence that Cecily Lemon, Mr. Lemon's then-girlfriend, and Lee McDaniel, a post-office employee, borrowed Mr. Lemon's player's club card(s) on occasion.   Mr. Lemon was taken to the casino not infrequently by one of his managers at the post office, Mr. Pittman.

With respect to the government's claim that Mr. Lemon could have cashed money

orders valued at up to $1,000.00 at the beginning of the business day, supervisors at the Post Office could have testified that there was not enough cash on hand at this time to have done so.

Had the defense contacted and interviewed Robert Enns, another postal employee, it would have learned that he purchased a money order from Mr. Lemon, the same money order claimed to have been purchased when victim Rosalyn Duke's money order was cashed. Mr. Enns will state that he purchased the money order under Mr. Lemon's name.

While the government argued that Mr. Lemon was the culprit in the thefts of the money orders in part due to his supposedly strained financial situation, there were other employees of the post office (such as Debra Lyons) who actually were in strained financial conditions, and had access to other employee's passwords, and therefore work stations. In fact, although not dwelt on at trial, numerous employees of the Warr Acres Post Office, including managers, had access to the safe in which the employees' passwords were kept, and thus had access to Mr. Lemon's password and his work station. The safe in which these passwords were kept was left open much of the working day. Managers at the post office often approved "scratched" money orders (money orders where the payees name is marked out and the purchasers name is inserted) for customer's at the window.

The defense failed to take or produce photographs of the Warr Acres Post Office that would have shown, contrary to the testimony of the victim-witnesses, that Mr. Lemon

could not have seen them filling out money orders for mailing.  Postal employees, including Debra Lyons,  could also have testified that, contrary to some of the victims' testimony, that postal clerks such as Mr. Lemon do not place stamps on envelopes for customers and do not seal their envelopes for them.  Once stamped envelopes are placed into large bins with a great deal of mail, it would be virtually impossible for Mr. Lemon, without being noticed, to dig through these large mail bins to retrieve mail containing money orders.  Express mail envelopes, and their repository, also could not be tampered with or taken without drawing notice.

Various inconsistencies in the testimony of certain victim-witnesses were not exploited to show that Mr. Lemon was not responsible for stealing their mail.  Rosalyn Duke testified she handed her mailing/money order to the clerk, but later testified that she deposited the mail containing the money order herself.  Also, there was no testimony that Mr. Lemon was the only clerk on duty that at the time Ms. Duke purchased the money order.   Myra Ramirez testified that she dealt with Mr. Lemon on both of her transactions involving money orders, but later admitted she dealt with another postal employee at some point(s).   The money order (later stolen) purchased by Guadalupe Esparza was purchased through clerk number 8, not clerk number 4, although it was supposedly cashed by clerk number 4.  Esparza's mailing would have been an express mailing that could not have been tampered with.

Finally, evidence could have been introduced, through cross-examination of Postal

Inspector Rey Santiago or otherwise, that there were other missing money orders or

problems with the accounting for money orders at the Warr Acres Post Office that Mr.

Lemon had nothing to do with.

Based on the quality of the government's case, it was not reasonable to omit these

lines of cross-examination and fail to develop this evidence.  But for that, there is a

reasonable probability that the outcome of trial would have been different.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this

issue?

Yes___        No X

(2) If you did not raise this issue in your direct appeal, explain why:  Claims

of ineffective assistance of trial counsel relying on matters outside the trial record

are appropriately raised for the first time in § 2255 proceedings.  *Massaro v. United*

*States,* 538 U.S. 500, 509 (2003); *United States v. Erickson,* 561 U.S. 1150, 1170 (10th

Cir. 2009).

( c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or

application?

Yes___        No___        N/A

(2) If your answer to Question ( c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:  N/A

Docket or case number (if you know):  N/A

Date of the court's decision:  N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes____          No____          N/A

(4) Did you appeal from the denial of your motion, petition, or application?

Yes____          No____          N/A

(5) If your answer to Question ( c)(4) is "Yes," did you raise this issue in the appeal?

Yes____          No____          N/A

(6) If your answer to Question ( c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question ( c)(4) or Question (c)(5) is "No," explain

why you did not appeal or raise this issue: N/A

13.  Is there any ground in this motion that you have <u>not</u> previously presented in some

federal court?  If so, which ground or grounds have not been presented, and state your

reason for not presenting them:  The ground for relief raised in this Motion has not

previously been presented to a federal court.  For the reasons stated above, this issue is

being appropriately raised for the first time in collateral proceedings.

14.  Do you have any motion, petition or appeal <u>now pending</u> (filed and not decided yet)

in any court for the judgment you are challenging?

Yes____          No  X

If "Yes," state the name and location of the court, the docket or case number, the

type of proceeding, and the issues raised: N/A

15.  Give the name and address, if known, of each attorney who represented you in the

following stages of the judgment you are challenging:

(a)  At preliminary hearing: N/A

(b)  Arraignment and plea: William P. Earley, Assistant Federal Defender, Old

Post Office Building, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102.

( c)  At trial: William P. Earley and Kyle Wackenheim, Assistant Federal

Defenders, Old Post Office Building, 215 Dean A. McGee Avenue, Oklahoma City, OK

73102.

(d)  At sentencing: David Autry, 1021 N.W. 16th Street, Oklahoma City, OK 73106.

(e)  On appeal: David Autry, 1021 N.W. 16th Street, Oklahoma City, OK 73106.

(f)   In any post-conviction proceeding: As to the instant petition, David Autry, 1021 N.W. 16th Street, Oklahoma City, OK 73106.

(g)  On appeal from any ruling against you in a post-conviction proceeding: N/A

16.  Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes X (multi-count indictment in this case)        No___

17.  Do you have any future sentence to serve after you complete the sentence for the judgment you are challenging?

Yes___          No X

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future: N/A

(b) Give the date the other sentence was imposed: N/A

( c)  Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?

Yes___        No___        N/A

18.  TIMELINESS OF MOTION: If your judgment of conviction became final over one

year ago, you must explain why the one-year statute of limitations as contained in 28

U.S.C. § 2255 does not bar your motion[1]:  The motion is timely.  Petitioner's convictions

and sentences were affirmed on direct appeal by the United States Court of Appeals for

the Tenth Circuit on October 31, 2017.  Petitioner's conviction became final 90 days later,

on January 29, 2018, when no petition for writ of certiorari was filed.  *United States v.*

*Burch,* 202 F.3d 1274, 1278-79 (10th Cir. 2000).  The one-year clock under 28 U.S.C. §

2255 has not yet expired as of the time of the filing of this petition.  The one-year clock in

this case expires on or immediately after January 28, 2019.

Therefore, movant asks that the Court grant the following relief: That his

convictions be vacated and a new trial ordered, or any other relief to which movant may

be entitled, including an evidentiary hearing.

/s/ David Autry
(Signature of Attorney, if any)

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
(1)  the date on which the judgment of conviction became final;
(2)  the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

David Autry, OBA #11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
(405) 521-9600
(405) 5231-9669 [fax]
dbautry77@gmail.com

Lawyer for Petitioner,
Jeffrey Lemon, Jr.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is

true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison

mailing system on _____(month, date, year).  N/A

Executed (signed) on_____ (date).  N/A.

_____
Signature of Movant (N/A; Petitioner is
represented by counsel)

If the person signing is not movant, state relationship to movant and explain why

movant is not signing this motion.

I am an attorney licensed to practice law by the State of Oklahoma, and I am a

member in good standing of the bar of the United States District Court for the Western

District of Oklahoma.

I am authorized by Jeffrey Lemon, Jr. to file the foregoing Motion pursuant to 28

U.S.C. § 2255.  I am filing the motion on Mr. Lemon's behalf.

I declare that the contents of the foregoing Motion are made pursuant to 28 U.S.C.

§ 2255.  I declare that the contents of the foregoing Motion are true except for those

matters based on information and belief, and I believe the latter matters to be true.  The

sources of my information include, but are not limited to, official court records, various

documents obtained in preparation of this Motion, and other sources of information.  I

make this verification pursuant to Rule 2(b)(5) of the Rules Governing § 2255

Proceedings because these matters are more within my knowledge than Mr. Lemon's

knowledge.

/s/ David Autry

### Certificate of Electronic Filing and Service

This is to certify that on this 25th day of January, 2019, I caused the foregoing instrument to be filed with the Clerk of the Court using the ECF System for filing, with electronic service to be made via CM/ECF to Jessica L. Perry, AUSA, and to all other counsel of record.  To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

/s/ David Autry